## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**KENNITH WILLIAMS,**

     **Plaintiff,**

**v.**               **Case No:  6:13-cv-1667-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

     **Defendant.**

_____

# MEMORANDUM OF DECISION

   The Plaintiff Kennith Williams (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his applications for disability benefits.  Doc. No. 1.  On August 9, 2010, Claimant filed applications for a closed period of disability and disability insurance benefits, alleging an onset of disability date of July 30, 2010.  R. 31, 183-188.   Claimant is insured for disability insurance benefits through December 31, 2014.  R. 33.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by giving great weight to the opinion of a non-medical, single decision maker, Deborah Holt (R. 37, 683-690).  Doc. No. 13 at 37-38.[1]  For the reasons set forth below, the final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings.

---

[1] Claimant also argues that the ALJ erred by improperly rejecting the opinions of Claimant's treating physicians (Doc. No. 13 at 24-36) and by making a negative credibility determination unsupported by substantial evidence (Doc. No. 13 at 38-40).   The Court notes that Claimant's memorandum (Doc. No. 37) exceeds the page limitations of Local Rule 3.01(a) and Claimant did not seek leave of Court before filing the memorandum.  While the Commissioner was not prejudiced because the Court granted the Commissioner leave to exceed the page limitations in the Commissioner's response, counsel for Plaintiff is admonished that failing to comply with the Local Rules in the future may result in sanctions, including but not limited to the striking of pleadings, motions, and/or memorandums.

I.      **ANALYSIS.**

This case presents the rare situation where the final decision of the Commissioner must be remanded based on the face of the ALJ's decision and the corresponding portion of the record.  As set forth above, Claimant filed applications for benefits on August 9, 2010.  R. 183-188.   On November 18, 2011, Deborah Holt, an initial agency single decision maker ("SDM"), who is not a medical professional, provided a physical residual functional capacity assessment ("RFC") as part of the Commissioner's initial review of the Claimant's application for benefits.  R. 79, 683-690.  Courts have held that an "SDM is not a medical professional of any stripe and a finding from such an individual is entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources." *Bolton v. Astrue*, No. 3:07-cv-612-J-HTS, 2008 WL 2038513, at *4 (M.D. Fla. May 12, 2008) (internal quotations omitted and citing authority); *see also Gendron v. Astrue*, No. 8:11-cv-701-T-23MAP, 2012 WL 2912334, at *3 (M.D. Fla. June 13, 2012) (SDMs have no medical training).   As such, where ALJs have relied upon the opinions of SDMs or given their opinions great weight, Courts routinely reverse and remand the final decision for further proceedings.  *Bolton*, 2008 WL 2038513, at *4 (reversing where ALJ adopted part of SDM's opinion as a medical opinion); *Gendron*, 2012 WL 2912334, at *3 (reversing where ALJ relied on SDM opinion, finding reliance thereon is not harmless error, and citing authority);  *Spahiu v. Colvin*, No. 3:11-cv-1138-J-MCR, 2013 WL 828460, at *7 (M.D. Fla. Mar. 6, 2013) (same and citing authority).

In the decision, the ALJ stated the following with respect to Ms. Holt's opinion:

> Dr. Holt's opinion is considered, and is given great weight [citing R. 683-690].  Dr. Holt found that the claimant could lift and carry twenty pounds occasionally, ten pounds frequently, and could sit, stand, and walk for about six hours in an eight-hour workday, with unlimited pushing and pulling.  She noted that the claimant had a history of back injury with laminectomy in 2005, torn cartilage in

the left knee, and had evidence of arthritis. However, she also noted that arthralgias in multiple joints and arthritis were treated with pain and other medications with some improvement, but that the claimant retained gross and fine manipulation with his hands, good motor strength bilaterally, only slightly decreased sensation to light touch in the right lower extremity in a patchy distribution, with 1-2+ reflexes equal bilaterally, walked without assistance with a slight limp on the left leg, a positive straight leg raising test bilaterally while supine, with only mild tenderness in the paralumbar area, and mild degenerative changes in the fingers, and knees, with only slightly decreased range of motion in the cervical spine, lumbar spine, shoulders, and very minimally in the hands. This opinion is given great weight as it is consistent with the treating and examining evidence. These limitations are reflected in the assessed residual functional capacity, as well as the opinion of the consultative examiner, Dr. Ranganathan.

R. 37.[2] Thus, the ALJ mistakenly stated that Ms. Holt was a medical doctor or consultant, gave her opinion great weight, and the ALJ's ultimate RFC is essentially a wholesale adoption of Ms. Holt's opinion. R. 37. *Compare* R. 34 (the ALJ's RFC) *with* R. 683-90 (the SDM's RFC). As such, ALJ's decision is not supported by substantial evidence. *See supra* p. 2 (citing authority).[3]

---

[2] Dr. Ranganathan's consultative examination report did not opine as to any functional limitations. R. 347-356.

[3] In this case, the error requiring reversal is apparent from the face of the ALJ's decision and a cursory review of the single decision maker's opinion. *See* R. 37, 683-690. Although it did not happen here, this case is an example of an instance where the Commissioner frequently agrees further administrative review should occur and voluntarily moves for remand. Such decisions promote the interest the parties and the Court have in obtaining a just, speedy, and inexpensive resolution of proceedings such as this. The Commissioner argues that the ALJ's error is harmless because the record contains a statement from a non-examining physician (R. 387), which affirms Ms. Holt's opinion. Doc. No. 17 at 32-34. The Commissioner's argument is rejected for two principal reasons. First, as the case law cited above suggests (*see supra* p. 2), basing a decision on the opinion of an SDM, who has no medical training, is not a harmless error. Second, the ALJ never discussed the statement of the non-examining physician who the Commissioner maintains affirmed the SDM's opinion. *Compare* R. 387 *with* R. 31-38. Thus, the Commissioner's argument constitutes impermissible *post-hoc* rationalization. *See Baker v. Commissioner of Social Security*, 384 F. App'x 893, 896 (11th Cir. 2010) ("[A] court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.") (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974).

Based on the forgoing, Commissioner's final decision must be reversed and remanded for further proceedings.[4]

II.    **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1.      The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2.      The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3.      The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida on March 6, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable M. Hart

---

[4] While Claimant generally requests a reversal for an award of benefits, such relief is only appropriate where the Commissioner has already considered all the evidence and the clear, cumulative effect of that evidence establishes disability beyond any doubt.  *See Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).  An award of benefits may also be appropriate if the claimant suffers an injustice.  *See Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982).  On the current record, it is not clear that Claimant is disabled or that Claimant has suffered an injustice.  Therefore, the case must be remanded for further proceedings.  On remand, the ALJ will necessarily have to reconsider and weigh all of the evidence, formulate a new RFC and, if necessary, solicit new testimony from a VE.  Accordingly, it is unnecessary to consider the Claimant's other allegations of error (*see supra* n.1).  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Desoto Bldg, Suite 400
8880 Freedom Xing Trl
Jacksonville, FL 32256-1224